IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

- - -

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL ACTION NO. 08-167 |
| v | : |
| ROBERT TRAUFFER, | : Philadelphia, Pennsylvania |
| | : December 15, 2009 |
| Defendant | : 10:37 a.m. |

- - -

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE CYNTHIA M. RUFE
UNITED STATES DISTRICT JUDGE

- - -

APPEARANCES:

For the Government: MICHELLE MORGAN-KELLY, ESQUIRE
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

For the Defendant: MICHAEL J. ENGLE, ESQUIRE
123 South Broad Street
Suite 1812
Philadelphia, PA 19109

Probation Officer: Mark Hassinger
United States Probation Office
Suite 2400
600 Arch Street
Philadelphia, PA 19106

*Transcribers Limited*
*17 Rickland Drive*
*Sewell, NJ 08080*
*856-589-6100 • 856-589-9005*

FTR Operator: Erica Pratt

Transcribed By: Donna M. Anders

- - -

Proceedings recorded by For The Record; transcript produced by computer-aided transcription service.

- - -

FORM 2094 PENGAD • 1-800-631-6989 • www.pengad.com

(The following was heard in open court at 10:37 p.m.)

THE COURT: Good morning.

ALL: Good morning, Your Honor.

THE COURT: Please be seated. Counsel and the probation officer were kind enough to conference with the Court before we just entered the courtroom.

I would like to know if we are ready to proceed with the sentencing for Robert Trauffer in the matter called United States of America versus Robert Trauffer, 167 of 2008.

MR. ENGLE: Your Honor, if I may, Michael Engle on behalf of Mr. Trauffer. There is that one outstanding issue with respect to an objection that has been raised in connection with information contained in the presentence investigation report, Your Honor.

Specifically, our objection was to the inclusion of alleged relevant conduct information that was included in the presentence investigation report.

It is the defense position that there is legally insufficient evidence to substantiate the relevant conduct information. We would ask that that objection be sustained and that information be stricken or removed from the report pending the scheduling of a

FORM 2094 PENGAD • 1-800-631-6989 • www.pengad.com

sentencing date.

THE COURT: Okay. Now, we had at your letter request I believe it was last week, based on this difference in position between you and the government and your filing a motion, had continued that part of the sentencing and we were going to deal this morning with the actual hearing on the matters of relevant conduct.

Your conference a moment ago said that there was a way to work through that and have the sentencing today. Did I hear that correctly?

MR. ENGLE: No. We would not be ready to proceed with the sentencing hearing today, Your Honor. I don't have all my witnesses.

THE COURT: Okay.

MR. ENGLE: I called them all off as a result of being here to deal with just the legal issues.

THE COURT: Okay. I needed to clarify that because we didn't discuss that in conference. I didn't know whether we were plowing ahead with that.

MR. ENGLE: No, unfortunately, Your Honor, I need to bring in a number of witnesses for purposes of sentencing.

THE COURT: Very well. I think what I would like to do is address what we did in conference on the

FORM 2094 PENGAD • 1-800-631-6989 • www.pengad.com

record here and then go on the record with your client as to this limited issue.

MR. ENGLE: Certainly.

THE COURT: Then we will continue it if that is the way it goes.

MR. ENGLE: Certainly.

THE COURT: But, the understanding, if I can recall it for the record, is that the pending motion filed by the defendant which is entitled a "Motion to preclude consideration of relevant conduct evidence," and I believe for specific performance of the plea agreement after the Court was requested to find the government breached the terms of the guilty plea agreement.

While that is not all the title of the motion, that is what the motion entails, and that is based on the inclusion of relevant conduct in the presentence report which had to be revised from last spring because of information provided to the probation officer, Mr. Hassinger.

That increased or assessed four more levels because of an additional alleged ninety false tax returns that the government wanted to use relevant conduct at sentencing. But, that was unknown at that time to the defense and was certainly not part and

FORM 2094 PENGAD • 1-800-631-6989 • www.pengad.com

parcel of the plea agreement.

When we were notified of this particular problem, the Court spoke to counsel by telephone on May the 7th and the government at that time I believe had witnesses to testify, and the defendant had character witnesses to testify at the sentencing, and we weren't ready to go ahead with sentencing which was scheduled for May 18th at that time.

It was supposed to be moved by a couple of days, whatever occurred. The problem that I saw at the time was that ninety additional alleged false tax returns required some discovery and Mr. Engle wanted to know about those before he could one, properly advise his client, two, make a proper objection.

I thought that the discovery would be given to Mr. Engle at that time or soon thereafter. I don't know if that occurred, but I know that there was an oral as well as a written objection, and I wanted it to be finalized.

It wasn't until I received the November 30th motion that this matter surfaced again because it hadn't been resolved any other way, and it hadn't been obviously finalized and the information is in the revised presentence report, as it had been presented by a chart I believe from the agent to the probation

FORM 2094 ⊛ PENGAD • 1-800-631-6989 • www.pengad.com

officer.

I don't know when Mr. Engle was given that chart or even if that chart was in front of Ms. Morgan-Kelly. It's probably irrelevant right now, but just to make this a complete record, Ms. Morgan-Kelly, you were not the one that provided the chart to the probation officer. When did you receive it?

MS. MORGAN-KELLY: May I refer to my notes, Your Honor?

THE COURT: Yes, you may.

(Pause in proceedings.)

MS. MORGAN-KELLY: It was in approximately April of this year, Your Honor.

THE COURT: Okay. So, that would have been around the time that Mr. Hassinger had received it as well?

MS. MORGAN-KELLY: That's correct, Your Honor.

THE COURT: Because he had already produced a presentence report draft which was April 8th and then revised it based on the charted information, May 4th. Would that be correct, Mr. Hassinger?

MR. HASSINGER: That is correct, Your Honor.

THE COURT: And then that precipitated Mr. Engle finding out about it and the Court talking to

FORM 2094 PENGAD • 1-800-631-6989 • www.pengad.com

counsel and Mr. Hassinger by telephone.

MS. MORGAN-KELLY: Yes, Your Honor. The draft presentence report referred to relevant conduct in a footnote, and then I think from the time in between the draft until the finalized report, the agent provided the chart reflecting relevant conduct in that time frame to the probation office.

THE COURT: Okay. Thank you very much. In any event, ninety additional tax returns require some investigation, discovery by counsel for the defendant, it requires advice, it requires some time and we find ourselves here because we had cancelled the sentencing in May and now we need to address the motion and the objection, not the sentencing today, but the motion and the objection.

MR. ENGLE: If I may, Your Honor?

THE COURT: Yes, you may.

MR. ENGLE: For clarity for purposes of the record, I was provided the chart that we discussed on or about June 1st, 2009.

THE COURT: Okay.

MR. ENGLE: Also for purposes of clarifying the record, Your Honor, while we have two matters that Your Honor has addressed that we need to discuss today, we do wish to proceed by way of our sentencing

FORM 2094 PENGAD • 1-800-631-6989 • www.pengad.com

objection.

However, at this time the defendant does wish to withdraw the motion to preclude based upon the alleged breach of the plea agreement. We would ask that Your Honor strike that from the docket, if that is deemed appropriate by the Court.

THE COURT: Well, you can withdraw whatever motion you and your client desire and I can dismiss it as withdrawn. I don't think I can strike it from the docket.

MR. ENGLE: I didn't know whether you could or you couldn't. I was just asking.

THE COURT: It is a public record and I don't think there is way to do that, nor do I think it is appropriate. But, we can do that if there is no objection from the government to have that matter heard.

MS. MORGAN-KELLY: No, there is no objection, Your Honor.

THE COURT: Okay. I would like to have your client sworn in. Mr. Trauffer.

MR. ENGLE: Sure.

ROBERT TRAUFFER, Defendant, Sworn.

FTR OPERATOR: Please state your full name for the record.

FORM 2094 PENGAD • 1-800-631-6989 • www.pengad.com

THE DEFENDANT: Robert Trauffer.

FTR OPERATOR: Thank you.

THE COURT: Good morning, Mr. Trauffer.

THE DEFENDANT: Good morning, Your Honor.

THE COURT: We have been doing a review of the recent procedural history in this case, and I want to be sure that you have had the opportunity to review the presentence report that was prepared in this matter by the probation department, specifically Mr. Hassinger?

THE DEFENDANT: I have, Your Honor.

THE COURT: All right. Were you able to read it in its entirety?

THE DEFENDANT: Yes, I was.

THE COURT: And would that be the original report, the draft report, or the revised report or both?

THE DEFENDANT: I believe I saw the draft report, Your Honor.

THE COURT: Okay. So, the revised report you have not reviewed with your attorney?

THE DEFENDANT: Not as of yet. Oh, I'm sorry. The revised report with the relevant conduct, I did see that, yes, Your Honor.

THE COURT: All right. That is the May 4th.

FORM 2094 PENGAD • 1-800-631-6989 • www.pengad.com

THE DEFENDANT: Yes, I did see that.

THE COURT: Okay. Then I am going to ask you to be seated. Thank you. As far as I know, the objection that remains is the one posed by Mr. Engle to the inclusion of additional relevant conduct tax loss as presented by the IRS case agent to the probation officer between the date of the draft presentence investigation report and the final mailing of said report.

MR. ENGLE: That is correct, Your Honor.

THE COURT: All right. And at the time you posed this objection, Mr. Engle, you noted that you were not provided with discovery material pertaining to those additional tax losses, and was in no position to agree or refute those calculations, and argue that those amounts should not be used to calculate the defendant's advisory guideline tax losses as are reflected in the presentence report.

The additional tax losses were estimated at two hundred eleven thousand six hundred ninety-eight dollars and twenty cents. The probation officer had responded that these amounts were included in the advisory guideline totals as they appeared to be legitimate for purposes of relevant conduct.

While the amount was not stipulated to or

FORM 2094 PENGAD • 1-800-631-6989 • www.pengad.com

even addressed by the plea agreement, it is noted that the probation officer and the Court are not bound by the stipulations contained in the plea agreement, which the Court upon reviewing that plea agreement and, of course, understanding the case law knows to be accurate.

But, that doesn't remove from this the need for any objection the Court to take testimony.

MR. ENGLE: Yes, Your Honor.

THE COURT: So, I was told in conference that the government would not be presenting any testimony today, is that accurate?

MS. MORGAN-KELLY: That is correct, Your Honor.

THE COURT: Okay. May I ask why or why not?

MS. MORGAN-KELLY: Your Honor, the information was originally provided to the probation office out of a duty of candor to the Court and, in fact, within the strict terms of the plea agreement which indicates that the government will, in fact, provide information about the nature of the offense and the offender.

Certainly we are mindful of the objection that the defense has raised, and it has been our intention from the very outset to abide by the terms of

FORM 2094 PENGAD • 1-800-631-6989 • www.pengad.com

the plea agreement, to recommend a sentence as stipulated in the plea agreement.

So, out of an abundance of caution so as not to go outside the bounds of the plea agreement with respect to the sentence the defendant ultimately receives, the government is opting not to present any evidence on the issue of relevant conduct.

THE COURT: All right. The government is the only one with the information, so there would be no way this Court could sustain by a preponderance of the evidence the relevant conduct as proven if there are no witnesses or evidence to present. The chart, whatever this chart which I have never seen, could not really do so.

So, I believe that it would entitle Mr. Engle to demand that this Court sustain his objection and not allow the revised presentence report to include those additional tax losses in the calculation of monetary loss, which does create a plus four on the offense level.

Based on the government's position which has nothing to do with whether the government has any use for that information in some other proceeding or procedure, we will sustain the defense objection as we have no evidence to overrule it.

FORM 2094 PENGAD • 1-800-631-6989 • www.pengad.com

I think that that would close the objections unless there is something else?

MR. ENGLE: There are no other objections to the presentence report, Your Honor.

THE COURT: And the government has posed none, correct?

MS. MORGAN-KELLY: Correct, Your Honor.

THE COURT: So, let me ask. Are there any additions, modifications, corrections or deletions of any nature to the presentence report other than what I just ruled?

MR. ENGLE: No, Your Honor.

MS. MORGAN-KELLY: No, Your Honor.

THE COURT: All right. Based on my ruling, I will direct the probation officer to revise again the presentence report, I think we better go through it, and remove those particular paragraphs.

Let me ask counsel this. Is there any objection to the report resuming its original draft form of April 8th?

MR. ENGLE: I don't have it in front of me, Your Honor.

THE COURT: Well, I have never seen the draft, so I can't tell you I have it in front of me, but that is where it was footnoted.

FORM 2094 PENGAD • 1-800-631-6989 • www.pengad.com

MS. MORGAN-KELLY: That's correct, Your Honor.

THE COURT: It was footnoted, but not added into the calculations.

MR. ENGLE: I guess if we were to remove the footnote perhaps, then that would comport with the sustaining of the objection.

THE COURT: I may need to see that.

MS. MORGAN-KELLY: If I may hand it up, if you would like, Your Honor. It's footnote number two to paragraph twenty-two of the draft report. May I approach, Your Honor?

THE COURT: Yes, you may.

MR. ENGLE: Your Honor, I would submit that footnote two would need to be removed to comply with the sustaining of the objection.

(Pause in proceedings.)

THE COURT: That footnote is on page six. It's not accurate anymore because that information was provided. No, I think it needs to be removed. So, we order that the footnote be removed and the original calculations in the draft report be adopted.

MR. ENGLE: Thank you, Your Honor.

THE COURT: Which would change the current presentence report in quite a few areas. What I will

FORM 2094 PENGAD • 1-800-631-6989 • www.pengad.com

do instead of going through that on the record right now, paragraph this, paragraph that, because there is so much, I am going to ask Mr. Hassinger to prepare another revised report, present it to counsel, and if there are problems, corrections, work it out and if not, we will deal with it at the next sentencing which I want to set.

MR. ENGLE: Certainly, Your Honor.

THE COURT: I don't know if I can do it early January, but I will try. I think that that would be the appropriate way to handle it. All right?

MR. ENGLE: Thank you, Your Honor.

THE COURT: Now, is there anything else to place on this record today?

MR. ENGLE: No, Your Honor. Just with respect to scheduling. The early part of January I unfortunately have a number of matters both in Federal Court here in, but a lengthy matter in Trenton.

If we could go more towards maybe middle or end of the month just for my scheduling purposes, I don't know if it works for Your Honor.

THE COURT: No, it won't, it will be February then. We will fit it into February when counsel is both available.

MR. ENGLE: Understood.

FORM 2094 PENGAD • 1-800-631-6989 • www.pengad.com

THE COURT: We will continue the sentencing, as we already did, but we will continue it until early February, and I would advise counsel to be in contact with Ms. Pratt for that schedule. We are putting as many things as we can in on that first week of February, unless you know already that you are not available.

MR. ENGLE: If I may, Your Honor, just check my calendar very quickly.

THE COURT: Yes. I know counsel are very busy and each of you has great many other cases and trials, but unfortunately January is a short month for the Court.

MR. ENGLE: The first week of February, Your Honor, would be good except for the 2nd and 3rd. I would be good on the 1st, 4th, and 5th if that helps.

THE COURT: And Ms. Morgan-Kelly, can you check and contact Ms. Pratt?

MS. MORGAN-KELLY: I believe those dates are fine, Your Honor.

THE COURT: Okay. We will see what we can do with that, okay?

MR. ENGLE: Thank you.

THE COURT: And if not, it will be the next week. Somehow or other we will fit this in early

FORM 2094 PENGAD • 1-800-631-6989 • www.pengad.com

February.

MR. ENGLE: Understood.

THE COURT: Thank you for working this out. I am not sure whether it is worked out. I am sure that there is no choice for the Court to do what it did, how it ruled today, and we will take up all the other matters at sentencing.

MR. ENGLE: Thank you, Your Honor.

MS. MORGAN-KELLY: And, Your Honor, just for the sake of clarity, the defendant's motion is dismissed as withdrawn?

THE COURT: It is.

MS. MORGAN-KELLY: All right.

THE COURT: And I will put that in writing.

MS. MORGAN-KELLY: Thank you, Your Honor.

THE COURT: Thank you very much.

MR. ENGLE: Thank you, Your Honor.

THE COURT: Happy holidays, everyone.

MR. ENGLE: Happy holidays.

(Proceedings adjourned, 10:56 a.m.)

* * *

FORM 2094 PENGAD • 1-800-631-6989 • www.pengad.com

CERTIFICATION

I, Donna M. Anders, do hereby certify that the foregoing is a true and correct transcript from the electronic sound recordings of the proceedings in the above-captioned matter.

12-29-09
Date

Donna M. Anders
Donna M. Anders

FORM 2094 PENGAD • 1-800-631-6989 • www.pengad.com