**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 08-167-01** |
| **ROBERT TRAUFFER** | : | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Clearly driven by his own materialism and greed, defendant evaded personal income taxes by undervaluing his business receipts by approximately $379,000 over the course of four years, leading to a $136,851 loss to the Internal Revenue Service ("IRS"). In addition, that business was one through which he prepared tax returns for his clients and ensured refunds for them by substantially inflating their charitable contributions and unreimbursed job expenses, leading to an additional loss to the IRS of $52,465. For all of these reasons, the government requests a sentence of imprisonment within the Sentencing Guidelines range.

The Third Circuit has set forth a three-step process which the district courts must follow in compliance with the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005):

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker.
>
> (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force.
>
> (3) Finally, they are to exercise their discretion by considering the relevant § 3553(a)

> factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006) (quotation marks, brackets, and citations omitted) (citing United States v. King, 454 F.3d 187, 194, 196 (3d Cir. 2006); United States v. Cooper, 437 F.3d 324, 329-30 (3d Cir. 2006)). See also United States v. Smalley, 2008 WL 540253, *2 (3d Cir. Feb. 29, 2008) (stating that the Gunter directive is consistent with later Supreme Court decisions). In calculating the guideline range, this Court must make findings pertinent to the guideline calculation by applying the preponderance of the evidence standard, in the same fashion as was employed prior to the Booker decision. United States v. Grier, 475 F.3d 556 (3d Cir. 2007) (en banc). The failure to properly calculate the advisory guideline range will rarely be harmless error. United States v. Langford, 2008 WL 466158, *8-11 (3d Cir. Feb. 22, 2008).

At the third step of the sentencing process, the Court must consider the advisory guideline range along with all the pertinent considerations of sentencing outlined in 18 U.S.C. § 3553(a) in determining the final sentence. "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." Cooper, 437 F.3d at 329. See also Rita v. United States, 127 S. Ct. 2456, 2468 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."); United States v. Schweitzer, 454 F.3d 197, 205-06 (3d Cir. 2006).

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors, all of which support a Guidelines sentence of imprisonment in this case.

## I. BACKGROUND

At the time of his offenses, defendant, an accountant, earned a six-figure salary as as the Director of Business Operations at Frankford Hospital. Presentence Report ("PSR") ¶¶ 48-50. In addition, defendant operated a tax preparation business through which he earned thousands of dollars per year preparing income tax returns for primarily police officers and firefighters in the Philadelphia area. Id. IRS audits revealed that defendant substantially undervalued his business receipts on his personal income tax returns for the years 2001 through 2004, resulting in unreported taxable receipts of approximately $379,000, and a tax loss to the IRS of $136,851. Id. ¶ 10.

In addition to personal income tax evasion, defendant ran his tax preparation business in an unlawful manner. Obtaining clients by word-of-mouth in the Philadelphia Police Department and Philadelphia Fire Department, defendant obtained refunds for his clients by exaggerating their charitable contributions and unreimbursed job expenses. PSR ¶ 11. Many of defendant's clients had a high school education and no tax, accounting, or finance background, and relied on his expertise to prepare their taxes. Id. Defendant's additional criminal conduct resulted in a tax loss to the IRS of $52,465 for tax years 2002 through 2004. Id.

The total tax loss to the government due to defendant's unlawful conduct was $189,316. PSR ¶ 13.

Pursuant to a plea agreement, defendant pled guilty on February 2, 2009 to four

counts of income tax evasion in violation of 26 U.S.C. § 7201, and thirty-four counts of filing false income tax returns in violation of 26 U.S.C. §7206(2). In the plea agreement, defendant agreed that the offense level of 16 applies under U.S.S.G. §§ 2T1.4(a)(1) and 2T4.1, a two-point increase applies because defendant was in the business of preparing taxes under § 2T1.4(b)(1), and the government agreed that, as of the date of the agreement, defendant was entitled to a 3-point reduction in his Guidelines level for acceptance of responsibility, resulting in a total offense level of 15. Assuming a Criminal History Category of I, this would lead to a Guidelines range of 18-24 months, within Zone D. The government agreed that it would make a recommendation for a sentence within the applicable Guidelines range, and would not recommend a fine. Defendant agreed to pay restitution to the IRS including interest, totaling $212,744.25. Defendant also made arrangements to repay the clients of his tax preparation business whose tax returns formed the basis for Counts Five through Thirty-Eight.

## II. SENTENCING CALCULATION.

### A. Statutory Maximum and Minimum Sentence.

The following statutory maximum sentence applies to a violation of Counts One - Four, 26 U.S.C. § 7201 (income tax evasion): five years imprisonment, a three-year period of supervised release, a $100,000 fine, and a $100 special assessment.

The following statutory maximum sentence applies to a violation of Counts Five through Thirty-Eight, 26 U.S.C. § 7206(2) (filing false tax returns): three years imprisonment, a one-year period of supervised release, a $100,000 fine, and a $100 special assessment.

The total maximum sentence is 122 years imprisonment, a 3-year period of supervised release, a $3,800,000 fine, and a $3800 special assessment.

**B. Sentencing Guidelines Calculation.**

The United States Probation Office calculated the defendant's advisory guideline range as follows: Base offense level of 16 (U.S.S.G. § 2T1.1 and 2T1.4(F)), plus 2 points for being in the tax preparation business (U.S.S.G. § 2T1.4(b)(1)(B)), resulting in an adjusted offense level of 18. Subtracting 3 points for acceptance of responsibility leads to a total offense level of 15. Because defendant's criminal history category is I, this results in an advisory Guidelines range 18-24 months, which is within Zone D.

## III. ANALYSIS

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the most appropriate sentence is a Guidelines sentence.

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007). The Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public

from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).[1] The nature and circumstances of this offense, the history and characteristics of the defendant, the obligation to protect the public, and the need for adequate punishment and deterrence all warrant a substantial sentence in this matter.

The nature of the offense is serious. Defendant clearly was driven by his own materialism and greed. Despite earning a six-figure salary, he decided to defraud the United States Government by undervaluing his business income to the tune of approximately $390,000 over the course of four tax years. Defendant yielded this unreported income by falsifying the tax returns of the clients of his tax preparation business, ensuring them refunds in order to gain their favor and thereby grow his business. Indeed, many clients came to defendant after hearing that he had obtained refunds for their co-workers.

The Court also must consider the nature of the offender. Defendant indicated that he grew up as the "favored child" in his household, and there was no history of any type of abuse

---

[1] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

or mental illness in his household. PSR ¶ 38. Defendant has two adult children who are both employed, and a marriage that he described as stable and quite positive for fifteen years. PSR ¶ 40. Thus, defendant lacks any of the markers of financial or emotional desperation that often drive individuals to commit crime. Rather, he appears to have acted purely out of greed, and at the expense of his family.

At the same time, however, defendant has taken steps toward restitution. He agreed to reimburse the IRS in full including interest, and also took steps of his own volition to reimburse the clients of his business whose tax returns formed the basis for Counts Five through Thirty-Eight of the Indictment.

The need for adequate punishment supports a term of imprisonment in this case. In addition, the recommended term of imprisonment is required "to reflect the seriousness of the offense and promote respect for the law." 18 U.S.C. § 3553(a)(2). The recommended Guidelines range sentence is a significant one that will afford adequate deterrence to others who would commit a similar offense. Id.

Finally, the Court must protect the public. Many of defendant's clients, as a result of his actions, were subjected to IRS audits and had to repay to the IRS the refunds they unlawfully received. As evidence that this was a significant hardship, at the time of the indictment, some of them were still on repayment plans, years later. Defendant violated the trust that was placed in him by members of the public, and the public should be further protected from his crimes.

In view of the Section 3553(a) factors set forth above, the stipulated Guidelines in the plea agreement, and the Guidelines calculations of the Probation Office, a Guidelines

sentence of imprisonment is entirely appropriate.

## IV. CONCLUSION

For the reasons set forth above, the government respectfully recommends a sentence of imprisonment within the sentencing Guidelines range.

Respectfully submitted,

MICHAEL L. LEVY
United States Attorney

/s/

MICHELLE MORGAN-KELLY
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that on this day I caused a copy of the Government's Sentencing Memorandum to be served by electronic filing, and/or first-class mail, addressed to:

Michael J. Engle, Esq.
123 South Broad Street
Suite 1812
Philadelphia, PA 19109

/s/
MICHELLE MORGAN-KELLY
Assistant United States Attorney

Dated: February 11, 2010